USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/10/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARCEL DOTTIN,

               Movant,

    -against-

UNITED STATES OF AMERICA,

            Respondent.

---

24-CV-9319 (VB)

21-CR-0757-1 (VB)

ORDER TO AMEND

VINCENT L. BRICCETTI, United States District Judge:

    Movant Marcel Dottin, currently incarcerated at FCI Ray Brook in Ray Brook, New York, filed a motion under 28 U.S.C. § 2255, seeking an extension of time to challenge the legality of his sentence entered in *United States v. Dottin*, No. 21-CR-0757-1 (VB) (S.D.N.Y. Feb. 17, 2023). For the following reasons, the Court construes Dottin's motion as a substantive motion under Section 2255 and directs Dottin to file an amended motion by February 10, 2025.

## STANDARD OF REVIEW

    A prisoner in federal custody may bring a motion under 28 U.S.C. § 2255 attacking his conviction or sentence on the grounds that it violates the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack. 28 U.S.C. § 2255. Under Rule 4(b) of the Rules Governing § 2255 Proceedings, the Court has the authority to review and deny a Section 2255 motion before directing an answer "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing § 2255 Proceedings, Rule 4(b); *see Acosta v. Nunez*, 221 F.3d 117, 123 (2d Cir. 2000). The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks

and citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (citing *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

In a judgment of conviction dated February 17, 2023, Dottin was convicted after pleading guilty to conspiracy to commit Hobbs Act robberies, Hobbs Act robbery, and brandishing a firearm in furtherance of a crime of violence. *Dottin*, ECF 7:21-CR-0747-2, 82. On December 2, 2024, the court received a motion from Dottin in which he requests an extension of time to file a Section 2255 motion.[1] (ECF 1.) In the motion, Dottin alleges facts in support of his request for an extension of time and states that he is seeking to challenge his conviction under United States Supreme Court's decision in *United States v. Taylor*, 596 U.S. 845 (2022).[2]

## DISCUSSION

### A.    Designation of application as motion under 28 U.S.C. § 2255

Although Dottin submitted a Section 2255 form, he styles his submission as a motion for an extension of time to file a Section 2255 motion. The Second Circuit has held that "a federal court lacks jurisdiction to consider the timeliness of a [habeas] petition until a petition is actually filed[,]" because prior to an actual filing, "there is no case or controversy to be heard[.]" *Green v. United States*, 260 F.3d 78, 82 (2d Cir. 2001); *United States v. Leon*, 203 F.3d 162, 164 (2d Cir.

---

[1] Dottin initiated this action by completing and submitting a Section 2255 form, a form created and issued by the Administrative Office of the United States Courts. He titles the motion as an "amended" motion.

[2] In *Taylor*, the Court held that attempted Hobbs Act robbery does not qualify as a crime of violence under the elements clause of the statutory definition of a crime of violence to support a felony conviction and enhanced sentence for using a firearm in furtherance of a crime of violence.

2000) (*per curiam*). However, "[w]here a motion, nominally seeking an extension of time, contains allegations sufficient to support a claim . . ., a district court is empowered, and in some instances may be required, . . . to treat that motion as a substantive motion for relief." *Green*, 260 F.3d at 82. Here, because Dottin states that he is seeking to challenge his conviction pursuant to *Taylor*, the Court construes the submission as a substantive motion under Section 2255.[3]

**B.    Order to Amend**

Rule 2(b) of the Rules Governing Section 2255 Proceedings requires a motion to specify all of a movant's available grounds for relief, setting forth the facts supporting each of the specified grounds and stating the relief requested. A motion must permit the Court and Respondent to comprehend both the movant's grounds for relief and the underlying facts and legal theory supporting each ground so that the issues presented in the motion may be adjudicated.

Here, Dottin's submission, in which he requests an extension of time to file a Section 2255 motion, and which was opened as a Section 2255 motion, states a single ground for relief but it does not allege any facts supporting his grounds for relief. The submission therefore does not comply with Rule 2(b). Furthermore, while Dottin provides a single ground for relief, it is unclear whether he has additional grounds for relief he may wish to assert.

Because Dottin has only one opportunity to bring a Section 2255 motion asserting all of the grounds on which he seeks relief from the judgment, the Court grants him an opportunity to

_____

[3] If Dottin does not want to pursue relief under Section 2255, he may notify the Court in writing by February 10, 2025, that he wishes to withdraw the application. *See Castro v. United States*, 540 U.S. 375, 383 (2003); *Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998) (*per curiam*). Dottin will have one opportunity within the limitations period for a full adjudication of his claims. If Dottin does not inform the Court of his intent by February 10, 2025, the application will remain designated as a motion under Section 2255.

file an amended Section 2255 motion. In the amended Section 2255 motion, Dottin must provide the grounds for relief and the facts supporting all his grounds, so that the issues can be adjudicated.

**C.    Timeliness**

As Dottin acknowledges, his Section 2255 application may be time-barred. A federal prisoner seeking relief under Section 2255 must generally file a motion within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; *or* (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2255(f).

Here, because Dottin did not file a direct appeal, his conviction became final on March 3, 2023, 14 days after entry of the judgment. Fed. R. App. Proc. 4(b)(1)(A)(i); *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005) ("[A]n unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires."). The Court received the submission on December 2, 2024, approximately one year and nine months after his conviction became final.[4]

In his motion, Dottin alleges facts in support of his request to file a late Section 2255 motion. (*See* ECF 1.) Dottin should reallege those facts in the amended Section 2255 motion, as well as any other facts that show that he has been pursuing his rights diligently and that some extraordinary circumstance prevented him from timely submitting this motion. *See Green v.*

---

[4] Dottin did not date the motion or state when he placed it in the prison mail collection box.

*United States*, 260 F.3d 78, 82 (2d Cir. 2001) (holding that extraordinary circumstances may warrant tolling the statute of limitations for Section 2255 motions).

**D. Government Response to Amended Motion**

By April 10, 2025, the U.S. Attorney's Office shall file an answer or other pleadings in response to the motion. By May 10, 2025, Dottin shall file a response, if any, to Respondent's answer. Absent further order, the motion will be considered fully submitted as of that date.

## CONCLUSION

**The Clerk of Court shall electronically notify the Criminal Division of the U.S. Attorney's Office for the Southern District of New York that this order has been issued.**

The Court finds that this motion, notwithstanding its designation, should be construed as a motion pursuant to 28 U.S.C. § 2255.

Dottin is directed to file an amended motion under Section 2255 containing the information specified above. The amended motion must be submitted to this Court's Pro Se Office by February 10, 2025, be captioned as an "Amended Motion," and bear the same docket number as this order. An Amended Motion Under 28 U.S.C. § 2255 form is attached to this order, which Dottin should complete as specified above. If Dottin fails to comply with this order within the time allowed, and cannot show good cause to excuse such failure, the motion will be denied.

By April 10, 2025, the U.S. Attorney's Office shall file an answer or other pleadings in response to the motion. By May 10, 2025, Dottin shall file a response, if any, to Respondent's answer. Absent further order, the motion will be considered fully submitted as of that date.

Because Dottin has not at this time made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

5

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk is directed to mail a copy of this Order to Dottin at the address on the docket.

Dated: December 10, 2024
      White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge

6

AO 243
(Rev. 10/07)

AMENDED

Page 1

# Motion to Vacate, Set Aside, or Correct a Sentence
## By a Person in Federal Custody

### (Motion Under 28 U.S.C. § 2255)

### Instructions

1. To use this form, you must be a person who is serving a sentence under a judgment against you in a federal court. You are asking for relief from the conviction or the sentence. This form is your motion for relief.

2. You must file the form in the United States district court that entered the judgment that you are challenging. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file the motion in the federal court that entered that judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6. If you cannot pay for the costs of this motion (such as costs for an attorney or transcripts), you may ask to proceed *in forma pauperis* (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.

7. In this motion, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different judge or division (either in the same district or in a different district), you must file a separate motion.

8. When you have completed the form, send the original to the Clerk of the United States District Court at this address:

   Daniel Patrick Moynihan U.S. Courthouse
   500 Pearl Street
   New York, NY 10007

9. **CAUTION:** **You must include in this motion *all* the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this motion, you may be barred from presenting additional grounds at a later date.**

10. **CAPITAL CASES:** **If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.**

Page 2

AMENDED    MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| **United States District Court** | District |
|---|---|
| Name (under which you were convicted): | Docket or Case No.: |
| Place of Confinement: | Prisoner No.: |
| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) |
| v. | |

## MOTION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:



    (b) Criminal docket or case number (if you know):

2.  (a) Date of the judgment of conviction (if you know):

    (b) Date of sentencing:

3.  Length of sentence:

4.  Nature of crime (all counts):




5.  (a) What was your plea? (Check one)

    (1)   Not guilty ❏            (2)   Guilty ❏            (3)   Nolo contendere (no contest) ❏

    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count
    or indictment, what did you plead guilty to and what did you plead not guilty to?




6.  If you went to trial, what kind of trial did you have? (Check one)      Jury ❏        Judge only ❏

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes ❑    No ❑

8.  Did you appeal from the judgment of conviction?    Yes ❑    No ❑

9.  If you did appeal, answer the following:

    (a) Name of court:

    (b) Docket or case number (if you know):

    (c) Result:

    (d) Date of result (if you know):

    (e) Citation to the case (if you know):

    (f) Grounds raised:

    (g) Did you file a petition for certiorari in the United States Supreme Court?    Yes ❑    No ❑

        If "Yes," answer the following:

        (1) Docket or case number (if you know):

        (2) Result:

        (3) Date of result (if you know):

        (4) Citation to the case (if you know):

        (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions,
    petitions, or applications concerning this judgment of conviction in any court?

        Yes ❑    No ❑

11. If your answer to Question 10 was "Yes," give the following information:

    (a)  (1) Name of court:

         (2) Docket or case number (if you know):

         (3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?    Yes ❏  No ❏

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your motion, petition, or application?    Yes ❏  No ❏

    (7) Result:

    (8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

    (1) First petition:    Yes ❏  No ❏

    (2) Second petition:    Yes ❏  No ❏

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:


12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the <u>facts</u> supporting each ground.

**GROUND ONE:**

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):


(b) **Direct Appeal of Ground One:**
    (1) If you appealed from the judgment of conviction, did you raise this issue?
            Yes ❑    No ❑
    (2) If you did not raise this issue in your direct appeal, explain why:


(c) **Post-Conviction Proceedings:**
    (1) Did you raise this issue in any post-conviction motion, petition, or application?
            Yes ❑  No ❑
    (2) If your answer to Question (c)(1) is "Yes," state:
    Type of motion or petition:
    Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:




**GROUND TWO:**

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Two:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?

   Yes ❑   No ❑

   (2) If you did not raise this issue in your direct appeal, explain why:


(c) **Post-Conviction Proceedings:**

   (1) Did you raise this issue in any post-conviction motion, petition, or application?

   Yes ❑   No ❑

   (2) If your answer to Question (c)(1) is "Yes," state:

   Type of motion or petition:

   Name and location of the court where the motion or petition was filed:


   Docket or case number (if you know):

   Date of the court's decision:

   Result (attach a copy of the court's opinion or order, if available):


   (3) Did you receive a hearing on your motion, petition, or application?

   Yes ❑   No ❑

   (4) Did you appeal from the denial of your motion, petition, or application?

   Yes ❑   No ❑

   (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

   Yes ❑   No ❑

   (6) If your answer to Question (c)(4) is "Yes," state:

   Name and location of the court where the appeal was filed:


   Docket or case number (if you know):

   Date of the court's decision:

   Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:**

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑    No ❑

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑    No ❑

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):

    Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion, petition, or application?

　　Yes ❑　　No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

　　Yes ❑　　No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

　　Yes ❑　　No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:




**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❏  No ❏

    (2) If you did not raise this issue in your direct appeal, explain why:


(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❏  No ❏

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❏  No ❏

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❏  No ❏

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❏  No ❏

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?      Yes ❑    No ❑
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:
(a) At preliminary hearing:

(b) At arraignment and plea:

(c) At trial:

(d) At sentencing:

(e) On appeal:

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?    Yes ❏ No ❏

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    Yes ❏ No ❏

    (a)  If so, give name and location of court that imposed the other sentence you will serve in the future:

    (b) Give the date the other sentence was imposed:

    (c) Give the length of the other sentence:

    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?    Yes ❏   No ❏

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of —

    (1) the date on which the judgment of conviction became final;

    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:


or any other relief to which movant may be entitled.



_____

Signature of Attorney (if any)


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on
              (month, date, year).



Executed (signed) on _____ (date).



_____

Signature of Movant


If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.