```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
MARCEL DOTTIN,                                    :
            Petitioner,                           :      MEMORANDUM OPINION
                                                  :      AND ORDER
v.                                                :
                                                  :      24 CV 9319 (VB)
UNITED STATES OF AMERICA,                         :      21 CR 757-1 (VB)
            Respondent.                           :
--------------------------------------------------------------x
```

Briccetti, J.:

Petitioner Marcel Dottin, proceeding pro se, moves pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Doc. #96).[1] Dottin claims that (i) he has suffered harsh conditions in his confinement, (ii) his sentence is invalid under United States v. Taylor, 596 U.S. 845 (2022), and (iii) he received ineffective assistance of counsel.

For the following reasons, the motion is DENIED, and the petition is DISMISSED.

## BACKGROUND

In late July 2021, Dottin participated in two gunpoint robberies in quick succession.[2] The first robbery occurred on July 27, 2021. Dottin, his brother, Lance Dottin,[3] and a third co-conspirator identified and followed a victim home from the Empire City Casino in Yonkers, New York. Once they arrived at the victim's home in Paterson, New Jersey, Dottin and his brother approached the residence, confronted the victim outside the home, and demanded the victim's

---

[1] Citations to "Doc. #__" herein are references to documents filed on the ECF docket for case no. 21-cr-757 (VB).

[2] These facts are taken from the unobjected-to offense conduct section of the presentence investigation report (Doc. #71 ("PSR")), which the Court adopted as its findings of fact at sentencing.

[3] The Court recently denied a Section 2255 motion brought by Lance Dottin in the same case. (See Doc. # 106).

1

wallet, license, car keys, and credit cards. The victim reported that one of the men brandished a firearm. After the victim handed over the items, Dottin used the stolen car keys to take the victim's Toyota Camry. Dottin's brother and the third co-conspirator left in their vehicle.

Dottin and his brother returned to the casino on the morning of July 28, 2021. Again, Dottin, his brother, and a third co-conspirator followed a victim home from the casino. When they arrived at the victim's residence in Fishkill, New York, Dottin, his brother, and the co-conspirator exited their vehicle and approached the victim in a parking lot behind his home. Dottin's brother grabbed the victim and demanded his car keys and money, at which time the victim began yelling for help. Dottin then pointed a gun at the victim's head and said, "shut up or I'll shoot you." (PSR ¶ 14). The victim stopped yelling and handed over his keys and wallet. Dottin drove off in the victim's BMW. Dottin's brother and the third co-conspirator left in their vehicle.

Later that evening, law enforcement identified Dottin driving the Fishkill victim's BMW in Brooklyn and initiated a traffic stop. After engaging their lights and sirens, the officers approached the BMW on foot. An officer ordered Dottin to turn off the car, unlock the doors, and put his hands in the air. As the officer reached through the driver's side window to unlock the door, Dottin accelerated and drove directly into the vehicle in front of him. He then reversed into the law enforcement vehicle behind him, put the BMW back in drive, and drove away from the scene. Law enforcement later found the BMW parked on a street in Brooklyn and arrested Dottin when he returned to the vehicle. Law enforcement arrested Dottin's brother about an hour later at his residence.

On August 15, 2022, Dottin waived indictment and pleaded guilty to a superseding information charging him with (i) conspiracy to commit Hobbs Act robberies, in violation of 18

U.S.C. § 1951 (Count One); (ii) Hobbs Act robbery, under the "violence clause" of the statute, in violation of 18 U.S.C. §1951 (Count Two); and (iii) brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §924(c) (Count Three). (Doc. #47).

On November 14, 2022, the Court granted the government's request to adjourn Dottin's sentencing and allow him to replead pursuant to a new guilty plea offer. (Doc. #55). The government made its request to follow recent guidance from the Department of Justice, which determined that the "violence clause" of the Hobbs Act was not a valid Section 924(c) predicate. (Id. at 1). On December 21, 2022, with the Court's permission, Dottin withdrew his guilty plea and pleaded guilty to the new superseding information charging him with (i) conspiracy to commit Hobbs Act robberies, in violation of 18 U.S.C. § 1951 (Count One); (ii) Hobbs Act robbery, under the robbery clause of the statute, in violation of 18 U.S.C. §1951 (Count Two); and (iii) brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §924(c) (Count Three). (Doc. #63).

On February 15, 2023, the Court sentenced Dottin to a term of imprisonment of 84 months and one day. (Doc. #82 at ECF 2).[4] Specifically, the sentence was one day on each of Counts One and Two, to run concurrently with each other, and 84 months on Count Three, to run consecutively to the sentences on Counts One and Two. (Id.) Dottin did not appeal, and his conviction became final on March 3, 2023.

On December 2, 2024, Dottin filed a motion under 28 U.S.C. § 2255 seeking an extension of time to challenge the legality of his sentence. (Doc. #96). The Court designated

---

[4] "ECF __" refers to page numbers automatically assigned by the Court's Electronic Case Filing System.

Dottin's motion as a motion under Section 2255 and directed Dottin to file an amended motion by February 10, 2025.  (Doc. #97).

On February 7, 2025, Dottin filed his amended motion seeking to vacate his conviction.  (Doc. #99).  Dottin's amended motion asserts various complaints related to the conditions of his confinement, and makes a passing reference to the Supreme Court's decision in United States v. Taylor, 596 U.S. at 845.  Additionally, in his reply, Dottin argues for the first time that he received ineffective assistance of counsel.  (Doc. #103).

## DISCUSSION

The government argues Dottin's Section 2255 motion is both time-barred and meritless.  The Court agrees.

I.    Timeliness

A sentenced defendant must file a motion to vacate, correct or set aside a sentence within one year of the latest of four benchmark dates: (i) when the judgment of conviction becomes final; (ii) when a government-created impediment to making such a motion (which impediment is in violation of the Constitution or federal law) is removed; (iii) when the right asserted is initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (iv) when the facts supporting the claim could have been discovered through the exercise of due diligence.  28 U.S.C. § 2255(f)(1) through (4).  Equitable tolling may excuse an untimely Section 2255 motion, but only when a petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  Rivas v. Fischer, 687 F.3d 514, 538 (2d Cir. 2012) (quoting Holland v. Florida, 560 U.S. 631, 649 (2010)); accord, United States v. Wright, 945 F.3d 677, 684 (2d Cir.

4

2019).[5] Equitable tolling "applies only in rare and exceptional circumstances." <u>Valverde v. Stinson</u>, 224 F.3d 129, 133 (2d Cir. 2000).

Here, because Dottin did not file a direct appeal, his conviction became final on March 3, 2023, which was 14 days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A)(i); <u>Moshier v. United States</u>, 402 F.3d 116, 118 (2d Cir. 2005) ("[A]n unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires."). Therefore, to be timely under Section 2255(f)(1), Dottin must have filed the instant Section 2255 motion by March 3, 2024. Because he filed the motion on December 2, 2024, it is untimely under Section 2255(f)(1).

Dottin recognizes his motion is untimely, but he argues the untimeliness is excused because he "experienced obstacles" that prevented him from completing his motion within the one-year tolling period. (Doc. #99 at ECF 5–7, 13). He points to his transfer to MDC-Brookyln ("MDC") where he says he was unable to access the law library because of a facility lockdown, and the harsh conditions of his incarceration, such as placement in the Special Housing Unit and delays in receiving legal documents. (<u>Id</u>. at 5–7).

These circumstances, even if true, do not warrant equitable tolling. First, "routine restrictions on prison life do not constitute extraordinary circumstances." <u>Alvarez v. United States</u>, 2019 WL 1428350, at *5 (S.D.N.Y. Mar. 29, 2019) (citing <u>Corrigan v. Barbery</u>, 371 F. Supp. 2d 325, 330 (W.D.N.Y. 2005) ("In general, the difficulties attendant on prison life, such as transfers between facilities, solitary confinement, lockdowns, restricted access to the law library, and an inability to secure court documents, do not by themselves qualify as extraordinary circumstances.")). And even if they did, Dottin has not met his burden of establishing he "acted

---

[5]  Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

with reasonable diligence throughout the period he seeks to toll." Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000). To the contrary, he admits he could have made time to file the motion. (Doc. #96 at ECF 12).

Dottin's passing reference to United States v. Taylor, 596 U.S. at 845, also cannot excuse his untimeliness. (Doc. #99 at 13). As explained in greater detail below, Taylor does not apply to a completed Hobbs Act robbery; rather, it applies only to attempted Hobbs Act robbery. And Dottin's claim that he had no knowledge of Taylor until after his sentencing is nevertheless unconvincing. The Supreme Court decided Taylor in June 2022—more than two years before Dottin filed his Section 2255 motion on December 2, 2024. Moreover, Taylor was discussed at length during Dottin's plea proceedings. (Doc. #76 at 7–18).

In short, Dottin's motion is untimely under Section 2255, and he has failed to establish he is entitled to equitable tolling. Therefore, the motion must be denied.

II. Merits

Even if timely, Dottin's motion must be denied as without merit.

A. Conditions of Confinement Claim

First, as mentioned above, Dottin's Section 2255 motion points to several harsh conditions of his confinement.

Section 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence, as it encompasses claims that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Jiminian v. Nash, 245 F.3d 144, 146–47 (2d Cir. 2001) (quoting 28 U.S.C. § 2255). In contrast, claims related to the execution of a federal prisoner's

6

sentence, such as "prison disciplinary actions, prison transfers, type of detention and prison conditions" must be brought under 28 U.S.C. § 2241. Id. at 146. A federal prisoner challenging the conditions of his confinement under Section 2241 must file his motion in the district of confinement. See Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004).

Here, Dottin contends he (i) was transferred to MDC, (ii) has been unable to access the law library, (iii) has been held in a county jail "mixed with other 'state' inmates," (iv) has experienced delays in receiving legal documents, and (v) was wrongfully placed in the Special Housing Unit on several occasions. (Doc. #99 at 5–7). But Section 2255 is not the proper vehicle for Dottin's claims relating to the conditions of his confinement. See Levy v. United States, 2017 WL 2930937, at *2 (S.D.N.Y. July 10, 2017) ("Challenges to the execution of confinement, in this case . . . the conditions of confinement, must be brought under Section 2241 as opposed to Section 2255"). And even if Dottin had moved under Section 2241, his claims would not be properly before this Court because Dottin is confined at F.C.I. Ray Brook, which is located in the Northern District of New York. (Doc. #99 at 2).

In short, challenges to the execution of a federal prisoner's sentence must be brought under Section 2241 and filed in the district of confinement. Accordingly, Dottin's claim that the harsh conditions of his confinement justify vacating his sentence under Section 2255 is meritless.

B.      Hobbs Act Robbery Claim

Second, Dottin makes a passing reference to the Supreme Court's decision in United States v. Taylor. Dottin seems to contend his conviction on Count Three, which charges a violation of 18 U.S.C. § 924(c), is invalid under Taylor.

In Taylor, the Supreme Court held that attempted Hobbs Act robbery does not qualify as a crime of violence under Section 924(c). 596 U.S. at 852. Since Taylor, the Second Circuit has

consistently held that completed—rather than attempted—Hobbs Act robbery is a crime of violence and remains a valid predicate for a violation of Section 924(c).  See United States v. McCoy, 58 F.4th 72, 74 (2d Cir. 2023); United States v. Barrett, 102 F.4th 60, 81–82 (2d Cir. 2024).  This is because there is "nothing in Taylor's language or reasoning that undermines this Court's settled understanding that completed Hobbs Act robberies are categorically crimes of violence pursuant to section 924(c)(3)(A)."  United States v. McCoy, 58 F.4th at 74.

Here, the record makes clear that Dottin was charged with, and knowingly pleaded guilty to, completed Hobbs Act robbery (Count Two) as well as brandishing a firearm in furtherance of the completed Hobbs Act robbery (Count Three).  Indeed, the superseding information to which Dottin pleaded guilty specified that the Section 924(c) charge in Count Three was predicated on the completed Hobbs Act robbery charge in Count Two.  (Doc. #63 at 2–3).  Dottin was reminded during his plea proceedings that he was charged with completed—not attempted—Hobbs Act robbery.  (Doc. #76 at 10, 30–31).  Moreover, during his plea allocution, Dottin recognized his conduct involved "robbing people" and that he "brandished a gun" to facilitate the robbery.  (Id. at 48–49).

As Taylor applies to only attempted—not completed—Hobbs Act robbery, it does not apply to Dottin's conviction on Count Three.  Accordingly, to the extent Dottin claims his conviction on Count Three is invalid under Taylor, that claim is meritless.

  C.  <u>Ineffective Assistance of Counsel Claim</u>

Third, Dottin claims for the first time in his reply that he received ineffective assistance of counsel.  Specifically, Dottin claims defense counsel (i) did not give him adequate notice of changes to the charges against him, (ii) coerced him to plead guilty, (iii) failed to prioritize submitting character letters to the Court, (iv) failed to visit him in jail despite saying he would,

8

and (v) believed Dottin was being influenced by someone after Dottin expressed doubts about accepting the new plea.  In support of these allegations, Dottin submits a series of text messages between his aunt and defense counsel, and a sworn declaration from his aunt.  (Doc. #103).

To prevail under the familiar standard set forth in Strickland v. Washington, 466 U.S. 668 (1984), Dottin must (i) demonstrate his attorney's performance fell below an "objective standard of reasonableness," meaning it amounted to incompetence under "prevailing professional norms," id. at 688, 690, and (ii) affirmatively prove prejudice, meaning "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694, not merely that an error "had some conceivable effect on the outcome," id. at 693.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id. at 694.

Moreover, "[j]udicial scrutiny of counsel's performance must be highly deferential," and the Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Strickland v. Washington, 466 U.S. at 689.  Indeed, this Court will not second-guess strategic or tactical decisions made by counsel because there are many ways to provide effective assistance in a given case.  "Rare are the situations in which the wide latitude counsel must have in making tactical decisions will be limited to any one technique or approach."  Harrington v. Richter, 562 U.S. 86, 106 (2011) (quoting Strickland v. Washington, 466 U.S. at 689).

Here, Dottin cannot demonstrate defense counsel's performance fell below an objective standard of reasonableness.

First, Dottin claims defense counsel failed to provide him with adequate notice of the charges.  Specifically, Dottin seems to argue defense counsel did not inform him of the changes

9

to the Hobbs Act Robbery charge—and its relationship to the Section 924(c) charge—until moments before he re-entered his guilty plea on December 21, 2022.[6] (Doc. #103 at ECF 1–2). This claim is belied by the record. Dottin relies on a text message in which his aunt informs defense counsel she was "unaware that the offer was presented to Marcel the same day as court." (Id. at ECF 6–7). But Dottin's aunt sent this text message to defense counsel on July 11, 2022—more than a month before Dottin first pleaded guilty on August 15, 2022, and more than five months before he re-entered his guilty his plea on December 21, 2022. The text message has no bearing on whether Dottin was adequately informed of the changes to the Hobbs Act Robbery charge made several months later.

Moreover, Dottin's claim of inadequate notice is undercut by his own sworn statements. During his plea allocation on December 21, 2022, Dottin stated he understood the changes in the Hobbs Act charges against him, (Doc. #76 at 18), he had enough time and opportunity to discuss the case with defense counsel, (id. at 22–23), and he was satisfied with the representation defense counsel provided him. (Id. at 23). Therefore, Dottin's vague and unsupported assertions of inadequate notice are contradicted by his sworn statements during the plea allocation, which "carry a strong presumption of veracity." United States v. Torres, 129 F.3d 710, 715 (2d Cir. 1997).

Second, Dottin claims defense counsel coerced him into pleading guilty. He submits a declaration from his aunt in which she asserts defense counsel "verbally told [her] that [Dottin] should not fight the government and should accept the amended charges." (Doc. #103 at ECF 3).

---

[6] Dottin incorrectly cites "United States v. Davis" as the reason for the changes to the Hobbs Act Robbery charge. (Doc. #103 at ECF 1). As the government explains, the reason for the changes to the Hobbs Act Robbery charge was Department of Justice guidance relating to United States v. Taylor, 596 U.S. at 845. (Doc. #105 at 3 n.1).

10

But such advice falls well within the "wide range of reasonableness" afforded to defense counsel regarding how best to advise a client on accepting or rejecting a plea offer. Purdy v. United States, 208 F.3d 41, 45 (2d Cir. 2000). Moreover, Dottin's coercion claim is again undercut by his sworn statements at the plea allocution, during which the Court explicitly asked Dottin whether he had been threatened or coerced into entering the plea, to which he responded, "no." (Doc. #76 at 40). He further stated he was entering the plea voluntarily and of his own free will. (Id. at 45–46).

Third, Dottin claims defense counsel delayed in submitting character letters for sentencing. Dottin relies on text messages showing his aunt texted defense counsel on November 18, 2022, to ask about submitting character letters in advance of Dottin's original sentencing date of December 19, 2022. (Doc. #103 at ECF 8–9). Defense counsel did not reply until January 24, 2023. (Id.) Defense counsel apologized for not responding sooner and explained that Dottin's sentencing and the need for character letters had been delayed. (Id.) Indeed, Dottin's sentencing was adjourned to February 15, 2023, in light of his re-entered guilty plea. (See Minute Entry dated 12/21/2022). And defense counsel promptly and properly submitted ten character letters (including one from Dottin's aunt) on February 1, 2023. (Doc. #72). Thus, there is no evidence to support Dottin's allegation that defense counsel "miss[ed] deadlines" or "delayed in submitting letters." (Doc. #103 at ECF 2–3). To the extent Dottin argues defense counsel was ineffective for his delayed response to Dottin's aunt, this does not amount to incompetence under "prevailing professional norms." Strickland v. Washington, 466 U.S. at 688.

Fourth, Dottin claims defense counsel failed to visit him in jail prior to a court hearing despite saying that he would do so. On July 11, 2022, Dottin's aunt texted defense counsel

11

trying to "relay a message" that Dottin wanted to meet with defense counsel. (Doc. #103 at ECF 6). Defense counsel responded the next day stating he had just spoken with Dottin and hoped to see him at the jail later that week as well. (Id. at 7). Nowhere in these text messages does defense counsel admit—as Dottin alleges—that he failed to visit Dottin in jail. And again, the text messages in question are from July 2022 and have no bearing on Dottin's allegation that his attorney failed to visit him before he re-entered his guilty plea in December 2022.

Finally, Dottin claims defense counsel "believed Mr. Dottin was being influenced by someone after Mr. Dottin expressed doubts about accepting the new plea." (Doc. #103 at ECF 1). This claim fails for the same reason—Dottin misrepresents text messages from July 2022 as having some connection to the "new" plea that he entered five months later.

In short, Dottin cites no evidence which can support his contentions that defense counsel's conduct fell below an objective standard of reasonableness. And even if counsel's performance was objectively unreasonable (which it clearly was not), Dottin does nothing to satisfy his burden of showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. at 694.

Accordingly, Dottin's ineffective assistance of counsel claim is meritless.

**CONCLUSION**

Petitioner Marcel Dottin's motion under 28 U.S.C. § 2255 is DENIED, and the petition is DISMISSED.

As Dottin has not made a "substantial showing of the denial of a constitutional right," a certificate of appealability will not issue.  28 U.S.C. § 2253(c)(2).

The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk is instructed to close case no. 24-cv-9319 (VB).

The Clerk is further instructed to mail a copy of this memorandum opinion and order to petitioner Marcel Dottin at the address on the docket in case no. 24-cv-9319 (VB).

Dated: October 15, 2025
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge